UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS A. COLLINS,

    Plaintiffs,

v.                              CASE NO:

WAL-MART STORES EAST, L.P., a
foreign limited partnership,

    Defendants.
_____/

**DEFENDANT, WALMART STORES EAST, L.P.'S NOTICE OF REMOVAL**

Defendant, WAL-MART STORES EAST, L.P., ("Walmart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the Twentieth Judicial Circuit Court in and for Charlotte County, Florida, Case No. 19-CA-1238, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I.     BACKGROUND

1. On or about November 18, 2019, Plaintiff commenced this action by filing a Complaint against Wal-Mart Stores East, L.P. in the Twentieth Judicial Circuit Court in and for Charlotte County, Florida. The Complaint was served on Wal-Mart Stores East LP, on May 5, 2020. (See Pl.'s Compl. attached as Exhibit A)

2.     On June 25, 2020, Plaintiff filed his response to Walmart's Request for Admission admitting that he was seeking damages that exceed $75,000, exclusive of interest, costs, and attorneys' fees. (Exhibit C.)

3.     On June 25, 2020, Plaintiff also then filed a Motion to Amend the Complaint with a proposed Amended Complaint naming Benjamin Olson and Lynn Festa as additional Defendants. (See Pl.'s Motion and Pl's Am. Compl., attached as Composite Exhibit B.) Plaintiff has not been granted leave to amend and he has not set a hearing on that matter.

4.     Plaintiff, THOMAS A. COLLINS, alleges a claim for negligence against Walmart as a result of injuries Plaintiff allegedly sustained on January 29, 2017, when he allegedly slipped and fell at the Walmart store located at 19100 Murdock Circle, Port Charlotte, Charlotte County, Florida.

5.     Specifically, Plaintiff alleges that Walmart, by and through its employees, negligently maintained the floors on the property by allowing water to remain on the floor in the common area so that Plaintiff fell and was injured. (Ex. A ¶¶ 8-11; Ex. B ¶¶ 10-13.)

6.     Plaintiff's proposed Amended Complaint alleges that Benjamin Olson and Lynn Festa were in the course and scope of their employment and responsible for maintaining the floor. It goes on to allege that Walmart, by and through these employees, negligently maintained the floor by allowing water to remain in the common area so that Plaintiff fell and was injured. (Ex. B ¶¶ 17-20, 26-31.)

7. Plaintiffs' Complaint is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

8. As discussed more fully below, Plaintiff is attempting to join as defendants individuals who are Florida residents for the sole purpose of defeating diversity jurisdiction, which constitutes fraudulent joinder.

9. Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the Twentieth Judicial Circuit of the State of Florida in and for Charlotte County together with a docket sheet from the Clerk of the Court. (Composite Exhibit D.)

10. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

1. In accordance with 28 U.S.C. § 1446(c), Walmart files this Notice of Removal within thirty (30) days of the date that Plaintiff filed his Response to Request for Admissions admitting that the damages he seeks exceed $75,000 exclusive of interest, costs, and attorneys' fees. The thirty (30) day period commenced on June 25, 2020 when Plaintiff filed this response.

2. Venue exists in the United States District Court for the Middle District of Florida, because the Twentieth Judicial District in and for Charlotte County, where Plaintiff filed his state court Complaint against Walmart, is located within the Middle District of Florida.

### III.     THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

3. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

4. Wal-Mart Stores East, L.P., was at the time of the alleged incident, and is currently, a Delaware limited partnership.

5. WSE Management, LLC and WSE Investments, LLC, are partners of Walmart. WSE Management, LLC and WSE Investments, LLC were at the time of filing the Complaint, and still are Delaware limited liability companies.

6. The sole member of WSE Management, LLC and the sole member of WSE Investments, LLC is, and was at the time of the filing of the Complaint, Wal-Mart Stores, East, LLC, an Arkansas Limited Liability Company.

7. The sole member of Wal-Mart Stores East, LLC, is and was at the time of filing the Complaint, Wal-Mart Stores, Inc.

8. Wal-Mart Stores, Inc. is a Delaware corporation that is a publicly traded company on the New York Stock Exchange and traded under the symbol WMT. The principal place of business for Wal-Mart Stores, Inc. is Bentonville, Arkansas. No publicly traded entity owns more than 10% of the company.

9. The principal place of business for all of the above entities (Wal-Mart Stores East, L.P., WSE Management, LLC, WSE Investments, LLC, Wal-Mart Stores

East, LLC, and Wal-Mart Stores, Inc.) is and was at the time of the filing of the Complaint, Bentonville, Arkansas.

10. Hence, Defendant, Wal-Mart Stores East, L.P. is a citizen of both Delaware and Arkansas, and is not a citizen of Florida.

11. In determining whether diversity jurisdiction exists, the Court must disregard the citizenship of fraudulently joined parties. *Henderson v. Washington Nat. Ins. Co, 454 F. 3d 1278, 1281 (11th Cir. 2006)*. Under well-established principles of federal law and civil procedure, a plaintiff may not destroy a defendant's right of removal by fraudulently or improperly joining a resident defendant having no real connection with the controversy. *See e.g. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 91 (1921)*.

12. In evaluating whether there is any possibility that the plaintiff can establish a cause of action against a resident defendant, the Eleventh Circuit has stated that there must be a reasonable basis for the claim being made. *Legg v. Wyeth, 428 F. 3d 1317 (11th Cir. 2005)*. Thus, a defendant is fraudulently joined when there is no "reasonable basis" for a claim against it.

13. Here, Plaintiff's Complaint only asserts a cause of action against Walmart. It was only when Plaintiff admitted to seeking damages in excess of $75,000 that he filed a Motion to Amend the Complaint attempting to join two Walmart employees, Benjamin Olson and Lynn Festa. In fact, Plaintiff filed both the Motion to Amend and his Response to Request for Admission on the same day.

14. Plaintiff has not yet been granted leave to amend the Complaint, so the only named Defendant at this time is Walmart. Nevertheless, Plaintiff's proposed Amended Complaint attempts to assert a cause of action against Benjamin Olson and Lynn Festa as employees of the subject premises who are responsible for maintaining the floors while acting within the course and scope of their employment. The actual allegations in the counts against Benjamin Olson and Lynn Festa in the proposed Amended Complaint are that Walmart was negligent by and through these employees.

15. Florida law is clear that an employee, such as Benjamin Olson or Lynn Festa, cannot be held personally liable in tort simply because of his or her general administrative responsibility for performance of certain functions. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357 (Fla. 1st DCA 2006). To establish employee liability, the plaintiff must plead and prove that the employees owed a duty to the plaintiff, and that the duty was breached through personal (as opposed to technical or vicarious) fault. *Id.*

16. Plaintiff's proposed Amended Complaint is void of any allegations of active negligence on the part of either Benjamin Olson or Lynn Festa; rather, all of Plaintiffs' allegations against them arise from their purported duty as employees of the subject Walmart. Under Florida law, such allegations are insufficient to establish personal liability against Benjamin Olson or Lynn Festa as employees of the store. Therefore, Plaintiff lacks any basis whatsoever for his negligence claims against

Benjamin Olson and Lynn Festa, and the inclusion of these employees in this lawsuit is a transparent attempt to destroy complete diversity. See *White*, 918 So. 2d 357.

17. Plaintiff is a citizen of the State of Florida residing in Sarasota County, Florida. Plaintiff is not a citizen of Delaware or Arkansas.

18. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, the Eleventh Circuit has held "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderhold*, 293 F.3d 1254, 1257 (11th Cir. 2002). Further, "a person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Sunseri v. Macro Cellular*, 412 F. 3d 1247, 1249 (11th Cir. 2005).

19. Plaintiff's Complaint states that he is a resident of Sarasota County, Florida. (Ex. "A" at ¶ 2.)

20. Plaintiff stated in his Answers to Interrogatories that he resides in North Port Florida, and has lived in Florida for at least the past ten years. (See Pl.'s Ans. to Interr. Nos. 1 and 3; attached as Exhibit E.)

21. Plaintiff's domicile in Florida is equivalent to his citizenship for purposes of establishing diversity. See *McCormick*, 293 F.3d at 1257.

22. Because there exists complete diversity between Plaintiff and the only properly named Defendant Walmart, who are citizens of different states, and because the claimed amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## IV.     AMOUNT IN CONTROVERSY

23.    The claimed amount in controversy exceeds $75,000.00, exclusive of attorney's fees, costs and interest.

24.    Although Plaintiff's Complaint alleges simply that the negligence action exceeds the State of Florida circuit court jurisdictional minimum – "damages that exceeds the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00)" (Ex. A ¶1) – a review of the full Complaint, Plaintiff's Response to Defendant's Request for Admissions, and medical records received to date indicate that the claimed amount in controversy exceeds $75,000.00.

25.    Plaintiff alleges in his Complaint that as a direct and proximate result of the negligence of Walmart, Plaintiff "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense for hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a preexisting condition." He also alleges that his "losses are either permanent or continuing and Plaintiff will suffer the losses in the future." (Ex. A at ¶ 11.)

26.    Plaintiff served his Answer to Defendant's Request for Admissions, wherein he admitted that he is seeking damages in excess of $75,000.00, for the subject incident. (Ex. C.)

27.    According to Plaintiff's discovery responses and medical records and bills received to date, he is claiming that he has incurred medical bills that exceed $75,000.00 as a result of this incident.

28. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $15,000.00 jurisdictional minimum, Plaintiff's Response to Request for Admissions indicate that Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00.  See *Jennings v. Powermatic, No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at \*2 (M.D. Fla. May 15, 2014)* (Plaintiff's Response to Request for Admissions is competent evidence of the amount in controversy.).

29. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).

30. "[A] district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id.* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)).

31. Based upon the allegations in the Complaint, Plaintiffs' alleged damages, Plaintiffs' Response to Request for Admissions, and asserted medical bills and records provided to date, the amount in controversy exceeds the requisite $75,000.00.

32. Thus, considering all of the information, this matter exceeds the $75,000 amount-in-controversy requirement. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). "Although separately the allegations in the Complaint, the medical information, and Plaintiff's discovery responses would not prove by a preponderance of the evidence that more than $75,000, is in controversy, together they suffice." *Stephenson v. Amica Mutual Insurance Company*, No. 6:14-CV-978-ORL-37, 2014 WL 4162781, at *3 (M.D. Fla. Aug. 21, 2014) (footnotes omitted).

33. Notwithstanding, in *Jennings v. Powermatic*, No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *2 (M.D. Fla. May 15, 2014), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's response to the defendant's request for admissions admitted the plaintiff was seeking damages in excess of $75,000.00. *Id.* Thus, the court found the defendant established complete diversity and that the defendant established that the amount in controversy exceeds the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

34. Additionally, the court concluded that an affirmative response to a request for admission may establish the amount in controversy. *See, e.g., Diaz v. Big Lots Stores, Inc.,* Case No. 5:10–cv–319, 2010 WL 6793850, at*3 (M.D. Fla. Nov. 5, 2010). The removing defendant properly established the amount in controversy by showing an admission from the plaintiff admitting the damages exceeded the

jurisdictional amount. *Id*. Here, Plaintiff's alleged damages as admitted in his Response to Defendant's Request for Admission alone exceed the jurisdictional minimum of this court, and thus Walmart has established its burden of proving the amount in controversy exceeds $75,000.00.

## V.   CONCLUSION

Because there exists complete diversity between Plaintiff and Defendant Walmart who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff, through his attorneys of record, and the Clerk of the Circuit Court for the Twentieth Judicial Circuit in and for Charlotte County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2019-CA-001238, on the docket of the Court for the Twentieth Judicial Circuit in and for Charlotte County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

Respectfully submitted,

/s/ *Monica Schmucker*
Amanda J. Sharkey Ross
Monica Schmucker

HEREBY CERTIFY that on July 23, 2020 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Robert C. Rogers, Jr., Esquire
The Rogers Law Group, P.A.
400 SE 12th Street, Building B
Fort Lauderdale, FL 33316
Telephone (954) 999-5807
robert.rogers@rogerslegalfirm.com
angela.smith@rogerslegalfirm.com
*Attorneys for Plaintiff*

      /s/ *Monica Schmucker*
AMANDA J. SHARKEY ROSS
Florida Bar No. 598666
MONICA SCHMUCKER
Florida Bar No. 120579
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone (239) 344-1249
Facsimile  (239) 344-1542
*Attorneys for Defendant*
amanda.ross@henlaw.com
tracey.salerno@henlaw.com
monica.schmucker@henlaw.com
sarah.howie@henlaw.com